UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV645-EHJ

SONYA D. JACKSON                                                                PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                 DEFENDANT

## **MEMORANDUM OPINION**

Before the Court is the complaint of Sonya Jackson ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr.), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

### PROCEDURAL HISTORY

On April 22, 2004, Claimant filed application for Disability Insurance Benefits and Supplemental Security Income payments, alleging that she became disabled as of 21, 2004. After a hearing, Administrative Law Judge Mather ("ALJ") determined that her lupus erythematosus, depression and anxiety were severe impairments that prevented her from performing her past relevant work as a certified nursing assistant. However, the ALJ further found that she retained the residual functional capacity to perform a significant number of jobs. This became the final decision of the defendant Commissioner when the Appeals Council denied review on November 9, 2006.

### STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

1

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to give the appropriate weight to the opinion of her treating mental health therapist. Zachary Culver, a Psychological Associate with Seven Counties Services, Inc., opined on February 8, 2005, that Ms. Jackson had serious limitations in ability to follow work rules, relate to co-workers, deal with the public, interact with supervisors, maintain attention/concentration, understand and carry out job instructions, behave in an emotionally stable manner, and relate predictably in social situations. Mr. Culver also stated that she had essentially no ability to deal with work stresses. Tr. 174-175.

In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

The ALJ did not address the question of whether Mr. Culver – as a Psychological Associate required to work under the supervision of a licensed psychologist – qualified for treatment as a

2

"treating physician" within the meaning of the above-described rule. Rather, the ALJ set out reasons for limiting the weight given Mr. Culver's opinion. The ALJ noted that other mental health experts found significantly less limitation of function than reported by Mr. Culver. Mary Hill, who worked with Ms. Jackson from the time she undertook treatment in 2004 until at least late 2005, provided Psychiatry Progress Notes that included consistent observation that Ms. Jackson's judgment, concentration, and cooperation were within normal limits (e.g., Tr. 203, 207, 211) and that Ms. Jackson did fine on medication, but regressed without it (Tr. 202). Ms. Hill noted disappearance of reports of visual hallucinations over the course of treatment (compare Tr. 215 and Tr. 203). Mr. Culver, in contrast, provided no treatment notes to support his conclusions, nor did he indicate how long he had treated Ms. Jackson or even whether he had seen her before February 2006. The ALJ noted that Ms. Hill's October 2004 observation was that "Her concentration and attention skills are actually pretty good." This accorded with Dr. Herner's observation that in his testing, "attention is a relative strength." Tr. 219. Of further significance in evaluating any assessment based primarily on Ms. Jackson's self-report rather than long-term observation is the fact that Dr. Herner's objective showed a high probability of exaggeration of symptoms. Tr. 21, 220.

    The Court finds no error.